UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM ANGLEMYER,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>    Defendant. | CASE NO. C07-5304BHS<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation of the Honorable J. Kelley Arnold, United States Magistrate Judge (Dkt. 19). The Court has considered the Report and Recommendation (Dkt. 19), Plaintiff's objections (Dkt. 20), and the remainder of the file and hereby adopts the Report and Recommendation for the reasons stated herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

In September of 2003, Plaintiff William Anglemyer filed applications for disability insurance benefits under Title II of the Social Security Act and for Supplemental Security Income payments. Dkt. 9 at 19. The Administrative Law Judge ("ALJ") issued a decision finding Mr. Anglemyer not disabled. Dkt. 9 at 16-27. Plaintiff now seeks judicial review of the ALJ's decision denying his application for social security benefits, raising the following issues: (1) Did the ALJ properly evaluate the opinions of Dr. Mashburn; (2)

1  Did the ALJ follow the proper method for evaluating substance use; (3) Did the ALJ
2  erroneously evaluate the opinions of Drs. Nelson and Fisher; (4) Did the ALJ fulfill her
3  "affirmative responsibility" under SSR 00-4p; and (5) Does substantial evidence support
4  the ALJ's finding that Mr. Anglemyer had no exertional limitation? Dkt. 14 at 1.

## II. DISCUSSION

The Report and Recommendation properly concludes that the administrative decision should be affirmed, and the Court adopts the Report and Recommendation notwithstanding Plaintiff's objections, addressed below.

### A.   DR. MASHBURN

Mr. Anglemyer contends that the ALJ did not properly evaluate Dr. Mashburn's opinion and that, as a result, the ALJ's mental residual functional capacity finding, corresponding hypothetical question, and adverse credibility finding are not supported by substantial evidence. Dkt. 14 at 6. Specifically, Mr. Anglemyer contends that the ALJ did not justify her rejection of Dr. Mashburn's opinions about Mr. Anglemyer's diminished ability to relate to supervisors and co-workers. *Id.*

Dr. Mashburn's findings with regard to Mr. Anglemyer's ability to relate to coworkers and supervisors is as follows:

> His ability to relate, however, to coworkers and supervisors may at times be pushed to markedly impaired, although this may vary anywhere from no impairment to marked impairment, depending on his cycle of mood. Generally he has been able to control this in the work environment, but not in public and family encounters. His interaction appropriately in public encounters would vary as well, but occasionally hits the marked difficulty area. He is generally able to tolerate pressures and expectations of a normal work setting, but, again, this would also reach the marked level of difficulty at times.

Dkt. 9 at 281. Dr. Mashburn found that Mr. Anglemyer's impairment with respect to his ability to relate with the public, supervisors, and coworkers varies from slight to moderate (coworkers) or slight to marked (public and supervisors). Notably, "moderate" was defined to mean that Mr. Anglemyer would be able to function satisfactorily, and Dr.

Mashburn found that Mr. Anglemyer's impairments would be marked in all respects only if he were not on Lithium. Dkt. 9 at 282-83.

Consistent with Dr. Mashburn's conclusion that Mr. Anglemyer is generally able to control his impairments in relating to coworkers and supervisors but not in his encounters with the public, the ALJ found that Mr. Anglemyer has limitations relating to public contact. Dkt. 9 at 27. Similarly, the ALJ found that Mr. Anglemyer "would generally be able to tolerate pressures and expectations of a normal work setting by varying degrees depending on his cycle of mood." Dkt. 9 at 22. The ALJ found that Plaintiff would have marked limitations in social functioning if he were not on Lithium and that Mr. Anglemyer's limitations were slight or moderate while on Lithium. The Court agrees with the Report and Recommendation and finds no error in the ALJ's assessment and summation of Dr. Mashburn's opinion. *See* Dkt. 19 at 5.

**B.    SUBSTANCE ABUSE**

A claimant may not be considered disabled if alcoholism or drug addiction would be "a contributing factor material to the Commissioner's determination" that the claimant is disabled. *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001) (citing 42 U.S.C. §§ 423(d)(2)(c), 1382c(a)(3)(J)). Similarly, the Social Security Regulations also require that the Commissioner determine whether "drug addiction or alcoholism is a contributing factor material to the determination of disability." *Id.* (citing 20 C.F.R. §§ 404.1535(a), 416.935(a)).

To determine whether a claimant's alcoholism or drug addiction is a materially contributing factor, the ALJ first must conduct the five-step disability evaluation process "without separating out the impact of alcoholism or drug addiction." *Id*. at 955. If the ALJ finds that the claimant is not disabled, "then the claimant is not entitled to benefits." *Id*. If the claimant is found disabled "and there is 'medical evidence of [his or her] drug addiction or alcoholism,'" the ALJ proceeds "to determine if the claimant 'would still [be found] disabled if [he or she] stopped using alcohol or drugs.'" *Id*. (citing 20 C.F.R. §§

1 404.1535, 416.936). Thus, if a claimant's current limitations "would remain once he [or

2 she] stopped using drugs and alcohol," and those limitations are disabling, "then drug

3 addiction or alcoholism is not material to the disability, and the claimant will be deemed

4 disabled. *Ball v. Massanari*, 254 F.3d 817, 821 (9th Cir. 2001).

5      In this case, Mr. Anglemyer contends that the ALJ erred in the first step of the

6 anlaysis by failing to determine whether he would be considered disabled if his substance

7 abuse were considered. Dkt. 20 at 10. Specifically, Mr. Anglemyer contends that the

8 ALJ's rejection of the opinions of Drs. Lemere and Hellekson was in error. *Id.* Mr.

9 Anglemyer also contends that the ALJ misstated the issue regarding substance abuse.

10      As set forth in the Report and Recommendation, the ALJ did not consider whether

11 the effect of Mr. Anglemyer's substance abuse was material to his disability because the

12 ALJ found no disability. Drs. Lemere and Hellekson either did not consider Plaintiff's

13 substance abuse or relied upon false reports of abstinence; therefore, their opinions did

14 not assist the ALJ in determining whether Mr. Anglemyer was disabled without excluding

15 the impact of his substance abuse. Moreover, the ALJ excluded the opinions because they

16 were "in direct contradiction to the other evidence presented . . . , including the claimant's

17 own statements." Dkt. 9 at 25. The Court therefore adopts the Report and

18 Recommendation's conclusion that the ALJ's assessment of Plaintiff's substance abuse

19 was not in error. Having found that the ALJ's evaluation of Plaintiff's substance abuse

20 was proper, the Court concludes that any misstatement of the proper analysis under

21 *Bustamante* was harmless.

**C.    DRS. NELSON AND FISHER**

23      Plaintiff contends that the ALJ's evaluation of the opinions of Drs. Nelson and

24 Fisher was not harmless because the opinions, if properly considered, would have

25 necessitated a finding of disability at step five. Dkt. 20 at 7. As the Report and

26 Recommendation properly notes, exclusion of these opinions constitutes harmless error

because the opinions are entitled to less weight than the opinions relied upon and because the opinions are supportive of the ALJ's conclusions.

### III. ORDER

Therefore, it is hereby

**ORDERED** that the Court **ADOPTS** the Report and Recommendation (Dkt. 19), and the administrative decision is **AFFIRMED**.

DATED this 30th day of May, 2008.

_____
BENJAMIN H. SETTLE
United States District Judge

ORDER - 5